IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MICHAEL G.,

        Plaintiff,

v.                                           Civil Action No.
                                                  5:18-CV-0114 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

        Defendant.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP            HOWARD D. OLINSKY, ESQ.
300 S. State Street               MATTHEW R. McGARRY, ESQ.
Suite 420
Syracuse, New York 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH         SERGEI ADEN, ESQ.
United States Attorney for the     Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on December 13, 2018, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: December 19, 2018
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MICHAEL G.,

                         Plaintiff,

vs.                                        5:18-CV-114

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                         Defendant.

------------------------------------------------------x
```

*DECISION* - December 13, 2018

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES

United States Magistrate-Judge, Presiding


A P P E A R A N C E S (by telephone)

For Plaintiff:      OLINSKY LAW GROUP
                    Attorneys at Law
                    300 South State Street
                    Syracuse, New York 13202
                      BY: MATTHEW McGARRY, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  SERGEI ADEN, ESQ.


*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1        THE COURT: I have before me a request for judicial
2   review of a determination by the Acting Commissioner finding
3   that the plaintiff was not disabled at the relevant times
4   and, therefore, ineligible for the benefits sought.
5        The background is as follows. The plaintiff is 47
6   years old, having been born in October of 1971. He was 41
7   years old at the alleged onset of his disability. He stands
8   5-foot 5-inches in height and weighs 135 pounds.
9        Plaintiff is left-handed. He is married and lives
10  with his wife and his 17-year-old daughter -- or, daughter
11  who was 17 at the time of the hearing in this matter I should
12  add. He has another child who is away at college. That's at
13  page 328 of the Administrative Transcript.
14       Plaintiff and his wife live in a trailer in Homer,
15  New York. They have six cats and three dogs. The plaintiff
16  has primary care for the animals. Plaintiff dropped out of
17  school in ninth grade for academic and behavioral reasons.
18  That's at page 363. Before dropping out he repeated
19  seventh grade twice and eighth grade once. He did achieve a
20  GED. He also attended Tompkins County Community College for
21  two to three years but did not achieve a degree.
22       Plaintiff last worked at Walmart for two or three
23  months in 2012. He was let go. At the hearing plaintiff
24  testified that he was let go because he could not focus or
25  remember. He has also worked as an elevator repair

1   apprentice, a security guard, a construction worker, a hotel
2   maintenance worker, and in a hardware store, a Lowes to be
3   specific, as a customer service associate.
4              In 2004 the plaintiff underwent a serious accident
5   resulting in carbon monoxide poisoning.  He was sent for
6   emergent care to Upstate Medical Center where he was placed
7   in a hyperbaric chamber.  It's at 251, 270 and 362 of the
8   Administrative Transcript.  He testified that for the first
9   five years after the accident he was fine but then his short
10  term memory loss began in around 2010.
11             Plaintiff has also suffered from migraine
12  headaches, although they appear to be well controlled.
13  That's at page 253 of the Administrative Transcript.
14             Plaintiff further suffers from depression, although
15  he has not received any specialized medical treatment and has
16  not been hospitalized from the condition.  He has been
17  prescribed Lexapro in the past, although he stopped it in
18  August of 2013.  He has also been prescribed Prozac.
19             Plaintiff has treated at Upstate Hospital,
20  including with Dr. Amy Sanders, a neurologist, and Dr. Lauren
21  Warren-Faricy, a neuropsychologist.  He has also treated with
22  Family Health Network with Physician Assistant Bradley
23  Stevens, who was identified incorrectly by the Administrative
24  Law Judge as a doctor.  Also Dr. Lynn Cunningham from
25  Cortland Medical Associates.  Magnetic Resonance Imaging

1  testing, or MRI testing, of plaintiff's brain has proven
2  unremarkable.
3         Plaintiff smokes both cigarettes and marijuana
4  daily.  That's at page 273, 316 to 318, 322 and 247.  He has
5  been told that he should quit.  That's at 255 and 273.
6         In terms of his daily activities, plaintiff takes
7  care of his animals, helps with housework, watches
8  television, drives, mows the lawn, cooks, does laundry and
9  socializes.  That's at 248 and 330.
10         Procedurally, plaintiff applied for Title II and
11  Title XVI benefits protectively on August 11, 2014, lending a
12  disability onset date of December 16, 2012.  In support of
13  those applications, plaintiff claims that he has a cognitive
14  disorder, memory problems, depression, mood swings and sleep
15  loss.  That's at page 64 and 182.
16         The hearing was conducted by Administrative Law
17  Judge Roxanne Fuller on September 20, 2016.  ALJ Fuller
18  issued a decision on January 5, 2017 finding that plaintiff
19  was not disabled at the relevant times and, therefore,
20  ineligible for the benefits sought.  That became a final
21  determination of the Agency on December 4, 2017 when the
22  Social Security Administration Appeals Council denied
23  plaintiff's request for review.
24         In her decision ALJ Fuller applied the now familiar
25  five-step test for determining disability.

1　　　　In that sequential test at step one ALJ Fuller
2　concluded that plaintiff has not engaged in substantial
3　gainful activity since December of 2012. She found that his
4　work at Walmart in 2015 did not qualify as substantial
5　gainful activity.
6　　　　At step two the ALJ concluded that plaintiff
7　suffers from severe conditions, including depression and a
8　cognitive disorder.
9　　　　At step three she concluded that plaintiff did not
10　meet or medically equal any of the listed presumptively
11　disabling conditions set forth in the Commissioner's
12　regulations, and specifically considering listings 12.02 and
13　12.04.
14　　　　As was noted when going through the B criteria of
15　those listings, significantly Administrative Law Judge Fuller
16　found that the plaintiff had a marked difficulty in the area
17　of concentration, persistence or pace. At page 14 of the
18　Administrative Transcript.
19　　　　The Administrative Law Judge then engaged in the
20　two step credibility determination in considering plaintiff's
21　subjective reports of his symptoms.
22　　　　She then concluded that plaintiff retains the RFC,
23　or residual functional capacity, to perform a full range of
24　work at all exertional levels with the following limitations:
25　He is only able to perform simple, routine, repetitive tasks;

1  work in a low stress job, defined as having only occasional
2  decision-making required and only occasional changes in the
3  work setting.
4          Proceeding to step four, ALJ Fuller concluded that
5  plaintiff is not capable of performing his past relevant work
6  as a construction worker, security guard, lumber yard
7  salesperson, hotel maintenance person or elevator repair
8  helper.
9          With the assistance of testimony from a vocational
10 expert, at step five the ALJ concluded that plaintiff is
11 capable of performing work available in the national economy,
12 including in the positions of cleaner, assembler, assembler
13 II, and machine tender, and is therefore not disabled.
14         As you know, my task is limited and the test that I
15 apply is extremely deferential.  I must determine whether
16 correct legal principles were applied and the determination
17 is supported by substantial evidence.
18         Two themes appear from plaintiff's brief and
19 argument.  The first surrounds the rejection of the opinions
20 of Dr. Warren-Faricy, which are inconsistent with the RFC
21 determination.  And secondly, whether the RFC determination
22 is inconsistent with the finding at step three when
23 performing the psychiatric review technique that plaintiff is
24 markedly limited in concentration, persistence and pace.
25         I note that the plaintiff in his brief suggested

1  that Dr. Caldwell in her opinion ruled out cognitive
2  disorder.  It's actually not what Dr. Caldwell found.
3  Dr. Caldwell found that a cognitive disorder should be ruled
4  out.  Of course, the ALJ did conclude that plaintiff suffers
5  from a neurocognitive disorder.
6      But I have to say that although little weight was
7  given to Dr. Warren-Faricy's opinions, which are inconsistent
8  with the residual functional capacity, the explanation was
9  less than robust.  Dr. Warren-Faricy is the only acceptable
10 medical source that diagnosed the plaintiff as suffering from
11 a cognitive or neurocognitive disorder.  She is an expert in
12 the field of neurocognitive areas.  She's a neurocognitive
13 psychologist -- neuropsychologist, I'm sorry.  She
14 administered her exam which lasted 11 hours between testing
15 and interviews.  Very significant.  I'm not convinced that
16 the Administrative Law Judge's rejection of her opinions was
17 adequately explained.  True, she's not a treating source,
18 but, nonetheless, I thought there should have been more
19 discussion concerning the rejection or the providing of
20 little weight to her opinions.
21     Obviously, the parties disagree as to the
22 significance of the disconnect or alleged disconnect between
23 the step three determination, where a marked limitation was
24 found in the psychiatric review technique in concentration,
25 persistence and pace, and the RFC.  It is true that under

1  SSR 96-8p findings consistent with the B or in connection
2  with the B criteria are not an RFC, and an RFC requires a
3  more specific and different analysis.  But, nonetheless,
4  marked is a significant category, it is not extreme, and I
5  agree with the Commissioner that it suggests that there could
6  be work to be performed.
7       Nonetheless, I think that the fact that there is
8  not a more significant limitation in the RFC to
9  concentration, persistence and pace is not supported by
10 substantial evidence and should have been.  And even with
11 moderate limitation in concentration, persistence and pace,
12 as cases cited by the plaintiff note, including *Hudson* and
13 *Karabinas*, the limitation should be expressly included in the
14 RFC, and there is support for the limitation.
15      Dr. Caldwell herself indicated that plaintiff is
16 mildly limited in this area.  At 329, 330.  Dr. Noia did not.
17 But Dr. Noia's opinion was rendered in 2010, and as it was
18 suggested, this plaintiff really did not begin to deteriorate
19 until some five years after his accident.  And according to
20 his testimony and the medical records, it appears that his
21 memory issues and his cognitive issues are on the increase,
22 and so I place less weight and stock on Dr. Noia's opinions
23 from 2010.
24      Dr. Warren-Faricy, on the other hand, her opinions
25 are much more supportive of the marked limitation on

1  concentration, persistence and pace.  And so I thought that
2  there should have been a more comprehensive analysis of why
3  Dr. Warren-Faricy's opinions were rejected and a more
4  comprehensive analysis as to why, despite the finding at step
5  three of a marked limitation, plaintiff could, nonetheless,
6  perform competitive work as set forth in the ALJ's
7  determination.
8          So, in sum, I'll grant judgment on the pleadings to
9  the plaintiff.  I don't find persuasive evidence of
10 disability, and so I will remand the matter to the Agency for
11 further analysis and consideration without a directed finding
12 of disability.
13         Thank you both for excellent presentations.  Happy
14 holidays.
15              *              *              *
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T I O N

       I, EILEEN MCDONOUGH, RPR, CRR, Official Court Reporter in and for the United States District Court, Northern District of New York, DO HEREBY CERTIFY that the foregoing is a true and correct transcript produced from a digital recording.

_____
EILEEN MCDONOUGH, RPR, CRR
Official U.S. Court Reporter